```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
MICHAEL PAUL MCWILLIAMS,                      :
                            Plaintiff,        :
                                              :         24 Civ. 8475 (LGS)
             -against-                        :
                                              :         ORDER
CAROL A. GILLIGAN, et al.,                    :
                            Defendants.       :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff filed an action in New York State Supreme Court, Bronx County, alleging that Defendants Carol A. Gilligan, Casey Kenny, the New York City Department of Education, the City of New York and the United Federation of Teachers violated his Constitutional rights and discriminated against him as an employee in violation of federal and state law.

WHEREAS, on or about October 8, 2024, Defendants New York City Department of Education and the City of New York ("Municipal Defendants") were served with the Summons and Complaint in this action.

WHEREAS, on November 7, 2024, Municipal Defendants filed a timely Notice of Removal, removing the state action to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREAS, on December 2, 2024, Plaintiff timely filed a motion to remand this action to state court, which Municipal Defendants opposed on December 18, 2024.

WHEREAS, Municipal Defendants argued that Plaintiff's motion to remand should be denied because it failed to include a notice of motion to remand with its memorandum of law, in violation of Local Civil Rule 7.1. However, "a district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Neuman v. Glob. Sec.*

*Sols., Inc.*, No. 22-1412-CV, 2023 WL 6205966, at *1 (2d Cir. Sept. 25, 2023) (summary order).[1] In light of Plaintiff's pro se status, the Court will exercise its broad discretion to overlook this defect and consider Plaintiff's motion on the merits.

WHEREAS, a motion to remand is granted when the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). If a federal district court determines that it lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. *Id.*

WHEREAS, 28 U.S.C. § 1331 provides that district courts shall have original jurisdiction over all civil actions arising under the laws of the United States.

WHEREAS, Defendants have established subject matter jurisdiction. Plaintiff alleges violations of his Constitutional rights, along with Title VII of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972.

WHEREAS, 28 U.S.C. § 1447(c) allows for a plaintiff to move to remand an action "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days of the filing of a notice of removal. Where a plaintiff timely files a motion to remand, a district court may remand the action on the grounds raised by that motion after those thirty days have elapsed. *See e.g.*, *Cole v. City of New York*, No. 19 Civ. 8376, 2020 WL 3618422, at *1 (S.D.N.Y. July 2, 2020) (granting motion to remand eight months after plaintiff timely moved to remand).

WHEREAS, a notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). A notice of removal must also be filed "within 30 days" after a defendant is served with a copy of the initial pleading in the state court action. *Id.* at § 1446(b)(1). Federal courts must "construe removal statutes strictly and

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

resolve doubts in favor of remand." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 220 (2d Cir. 2013); *accord Hailemariam v. Nat'l Passenger R.R. Corp.*, No. 22 Civ. 1503, 2022 WL 1591902, at *4 (S.D.N.Y. May 19, 2022).

WHEREAS, "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. at § 1446(b)(2)(A). Such consent must be expressed "independently." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012); *accord Cole*, 2020 WL 3618422, at *2. "Courts in this Circuit generally have held that the independent consent requirement demands that each defendant must submit written consent unambiguously agreeing to removal." *Cole*, 2020 WL 3618422, at *2; *see Hailemariam*, 2022 WL 1591902, at *3. "The failure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case." *Cole*, 2020 WL 3618422, at *3.

WHEREAS, Municipal Defendants' notice of removal fails to provide unambiguous, independent consent from each non-municipal Co-Defendant. Municipal Defendants argued that Co-Defendants' consent to removal was sufficiently expressed through e-mails that Municipal Defendants attached to their notice of removal, in which Co-Defendants Kenny and Gilligan stated to Municipal Defendants' counsel that they consented to having this action removed to federal court. However, "an email among defendants, not directed to the court, is insufficient to constitute an independent expression of consent to removal." *Hailemariam*, 2022 WL 1591902, at *4; *see Cole*, 2020 WL 3618422, at *3 (holding that removal was improper where consent was demonstrated through an e-mail between defendants that "was not directed to the Court and therefore was not sufficient to constitute consent"); *Joan Z. Doyle Fam. Tr. v. Town of Hanover*, No. 23 Civ. 970, 2023 WL 8014389, at *3 (W.D.N.Y. Nov. 20, 2023) (same). The e-mail communications upon which Municipal Defendants rely do not constitute independent consent.

"Because failure to comply with the rule of unanimity is fatal, this case must be remanded." *Cole*, 2020 WL 3618422, at *3.  It is hereby

**ORDERED** that, for the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. The Clerk of Court is respectfully directed to remand this case to the New York State Supreme Court, Bronx County.  The Clerk of Court is further respectfully directed to close all pending motions and to close the case.

Dated: January 17, 2025
      New York, New York

                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**